UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 22-02461 |
| Tonette Denise Wormley, | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**AGREED ORDER ON AMERICAN TAX LIEN LLC'S
MOTION TO ANNUL AUTOMATIC STAY**

This matter is before the court on the Motion of American Tax Lien, LLC ("ATL") to Vacate Confirmation Order as to American Tax Lien and Annul and Modify the Automatic Stay [Dkt. No. 48] (the "Stay Relief Motion");

IT IS ORDERED:

1. The parties have agreed that the automatic stay will remain in effect subject to the terms below.

2. The Debtor must file a motion to modify the plan to pay in full both ATL's unsecured claim for $28,000 (the "ATL Unsecured Claim") and ATL's secured claim for $18,313.89, with interest at 18% (the "ATL Secured Claim," and with the ATL Unsecured Claims, the "ATL Claims").

3. The Debtor must begin making timely payments of real estate taxes on the property located at 18600 Village Drive, Unit 106, Hazel Crest, IL 60429, PIN No. 31-02-200-026-1006 (the "Property") to Cook County for all such taxes coming due after January 1, 2022. A payment to the Cook County Treasurer is considered "timely" if full payment is received by Cook County by the date in which it is due.

4. Each of the following circumstances constitutes an "event of default" under this order.

   a. If:

      (i) The Cook County Treasurer's website does not show full payment of an installment of real estate taxes within 15 calendar days of the "timely" due date as set by Cook County; and

      (ii) ATL files with the court (a) a Notice of Default informing the Debtor of the default and giving the Debtor 14 days to cure the default by paying the taxes at issue, and (b) a certificate of service showing service of the Notice of Default on the Debtor and the Debtor's lawyer, and

      (iii) the Debtor fails to pay the taxes described in the Notice of Default within 14 days of filing of the Notice of Default.

   b. The confirmed chapter 13 plan is modified to pay less than 100% of the ATL Claims.

   c. The Debtor obtains a hardship discharge under 11 U.S.C. § 1325(b) without paying 100% of the

ATL Claims.

    d.    The bankruptcy case is dismissed or converted to a case under chapter 7.

    5.    Upon the occurrence of an event of default described in paragraph 4, ATL may file a "Notice of Annulment of Automatic Stay" (a "Notice of Annulment"). ATL must file the Notice of Annulment with a certificate of service showing service on the Debtor and the Debtor's lawyer via U.S.Mail. Effective upon the filing of the Notice of Annulment, the automatic stay is annulled to permit ATL to exercise its in-rem rights under non-bankruptcy law with respect to the Property as though the automatic stay had never been in effect.

    6.    The stay in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure will not apply to the Notice of Annulment.

    7.    All orders entered by the Circuit Court of Cook County in Case No. 2021 CoTD 002859 after the bankruptcy case was filed were entered in violation of the automatic stay and are, therefore, void unless and until the automatic stay is annulled in accordance with the terms of this order or otherwise. If the stay is annulled, those state court orders will be revived as though the stay was never in effect. Upon payment in full of the ATL Claims, including interest, as provided by the plan, the orders entered by the Circuit Court of Cook County will remain void and ATL loses the right to ever seek to revive those orders or otherwise obtain the property through that state court proceeding.

Enter:   */s/ Carol A. Doyle*

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: November 15, 2022

**Prepared by:**

David R. Doyle
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-1648