# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22 B 02461 |
| TONETTE DENISE WORMLEY | CHAPTER 13 |
| Debtor | JUDGE: CAROL A. DOYLE |

## NOTICE OF MOTION

Please take notice that on January 10, 2023, at 9:15 a.m., I will appear before the Honorable Judge CAROL A. DOYLE, or any judge sitting in the judge's place, **either** in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 **or** electronically as described below, and present the motion of trustee to modify plan, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government**.

You may appear electronically by video or by telephone.

> **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.
> **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.
> **Meeting ID and passcode**. The meeting ID for this hearing is 161 155 8289 and the passcode is Doyle742. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Thomas H. Hooper
Thomas H. Hooper
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22 B 02461 |
| TONETTE DENISE WORMLEY | CHAPTER 13 |
| Debtor | JUDGE:  CAROL A. DOYLE |

### TRUSTEE'S MOTION TO MODIFY PLAN

Now comes Thomas H. Hooper, Chapter 13 Trustee, pursuant to § 1329(a) of the Bankruptcy Code moves this Honorable Court for an order modifying Debtor's confirmed plan, and in support thereof states as follows:

1. The court has jurisdiction of this proceeding pursuant to 28 USC § 1334 and this is a core proceeding pursuant to 28 USC § 157(b).

2. The Debtor filed a voluntary petition on March 3, 2022, and a proposed plan on March 18, 2022, under chapter 13 of the Bankruptcy Code.

3. The Debtor's chapter 13 plan was confirmed on May 31, 2022.  The confirmed plan provides for payments of $675.00 per month for sixty (60) months.

4. The Debtor's plan as confirmed provides for the claim of Advance Property Specialists in section 3.2.  Specifically, the plan provides for Trustee to make monthly payments to Creditor of $50.00, totaling $300.00 over the life of the plan.

5. The non-governmental claims bar date ran on May 12, 2022.  Advance Property Specialists has failed to file a proof of claim, nor has a claim been filed on its behalf under Fed. R. Bankr. P. 3004.

6. The Trustee asserts that, notwithstanding past jurisdictional custom[1], a creditor must have an allowed proof of claim to receive disbursements under a confirmed chapter 13 plan.  See *In re Pajian*, 785 F. 3d 1161 (7th Cir. 2015) (stating that "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions.").

---

[1] Upon information and belief, past practice in this jurisdiction has been for all secured creditors addressed in the confirmed plan to receive disbursements, regardless of whether an allowed claim had been filed.  It is unclear whether that practice has been reevaluated in the wake of *Pajian* in 2015 or following amendments to Fed. R. Bankr. P. 3002 in 2017.

7. This mandate is buttressed by a reading of Fed. R. Bankr. P. 3002(a), which requires that, subject to certain exceptions not applicable to the case at bar, "[a] secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed…"

8. Fed. R. Bankr. P. 3021 instructs the Trustee to make post-confirmation disbursements to those creditors "whose claims have been allowed."

9. Requiring a proof of claim to be filed as a condition precedent to a creditor receiving distributions under a confirmed chapter 13 plan has practical administrative considerations. Specifically, a creditor is required to attach documentation in support of its claim, including the writing on which it is based and evidence of perfected security interest. Fed. R. Bankr. P. 3001(c)(1) and (d). Such documentation is required to properly evaluate the classification and validity of the purported claim.

10. Because Advance Property Specialists does not have an allowed claim in the case *sub judice*, the Trustee asserts that it may not share in distributions under the confirmed plan.

11. Accordingly, the Trustee prays for an order denying distribution to Advance Property Specialists under the confirmed plan and authorizing funds earmarked for the claim of Advance Property Specialists to be disbursed to holders of other allowed claims.[2]

WHEREFORE, the Trustee requests that this Court enter an Order modifying the chapter 13 plan to deny distribution to Advance Property Specialists under the confirmed plan, authorizing funds earmarked for the claim of Advance Property Specialists to be disbursed to holders of other allowed claims, and for any other relief deemed just and proper under the circumstances.

DATED: December 20, 2022            /s/Thomas H. Hooper
                                    Thomas H. Hooper
                                    Chapter 13 Trustee
                                    55 E. Monroe St., Suite 3850
                                    Chicago, IL 60603
                                    (312) 294-5900

---

[2] Should this Court be inclined to grant the relief requested in the instant motion, the Trustee would request that the order be stayed for at least fourteen days to afford the Debtor and/or Creditor the opportunity to file an allowed proof of claim. Notwithstanding the passing of the claim's bar date, the Trustee would not object to a late filed claim in the instance and would administer the claim as an allowed claim if filed late.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified by first class mail on December 20, 2022.

| | |
|---|---|
| Tonette D Wormley<br>18600 Village W DR #106<br>Hazel Crest, IL 60429 | *via First-Class Mail* |
| David Freydin<br>8707 Skokie Blvd.<br>Suite 312<br>Skokie, IL 60077 | *via ECF* |
| Advance Property Specialists<br>25885 S. Ridgeland Ave.<br>Suite 6<br>Monee, IL 60449 | *via First-Class Mail* |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Chicago, IL 60604-2027 | *via ECF* |

/s/ Thomas H. Hooper
THOMAS H. HOOPER
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900